IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKEY HAYMER, | ) |
| Plaintiff, | ) |
| | ) NO. 3:22-cv-00300 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DANA MINOR, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed by Rickey Haymer, a state prisoner in the custody of the Rutherford County Sheriff's Office in Murfreesboro, Tennessee. Plaintiff has also filed an application to proceed in forma pauperis (IFP) (Doc. No. 2) and a motion to ascertain status. (Doc. No. 7.)

The case is now before the Court for ruling on Plaintiff's IFP application and motion, and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of

Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## INITIAL REVIEW OF THE COMPLAINT

I. LEGAL STANDARD

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. The review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a viable Section 1983 claim, Plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

II. ALLEGATIONS AND CLAIMS

Plaintiff sues Dana Minor, a prosecutor with the Rutherford County District Attorney's Office, alleging that his rights were violated (1) when he was charged with and convicted of

possessing a firearm in 2021, despite never possessing one; (2) when the state court admitted an audio recording of testimony from a deceased witness, violating Plaintiff's right to confront that witness; and (3) when Defendant used unauthenticated text message evidence against him without first disclosing that evidence to the defense. (Doc. No. 1 at 7–8.) Plaintiff also reports that he has written the Board of Professional Responsibility about Defendant's alleged misconduct (*id.* at 4, 8), and that he has a pending "civil rights (ineffective counsel)" case pending against a different lawyer in Davidson County Court. (*Id.* at 3.) As relief, Plaintiff requests to be "financially compensated" for loss of wages and for mental distress, and for "these bogus, embellished charges to be dismissed from [his] record." (*Id.* at 6.)

III. ANALYSIS

In this action under Section 1983, Plaintiff seeks to have his conviction expunged and compensatory damages awarded based on constitutional violations that allegedly occurred during his prosecution in state court. However, challenges to the validity of a prisoner's confinement are within the sole province of habeas corpus; they are not properly lodged under Section 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Furthermore, regardless of the theory under which Plaintiff claims damages resulting from his prosecution, "[w]hen success in a § 1983 prisoner action would implicitly question the validity of conviction or duration of sentence, the prisoner must first successfully pursue" relief from that conviction or sentence by having it "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or . . . called into question by a federal court's issuance of a writ of habeas corpus." *Gardner v. Morriss*, No. 3:17-cv-00747, 2017 WL 4805205, at *2 (M.D. Tenn. Oct. 24, 2017) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)); *see Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010) (applying

*Heck*'s favorable termination rule in § 1983 action for malicious prosecution). The Complaint before the Court does not suggest that Plaintiff has yet won any such relief.[1]

If Plaintiff wishes to pursue his claims against Defendant Minor under Section 1983, he must first win relief from his conviction. If he wishes to pursue a challenge to his conviction in federal court—which would have to be done via a petition for a writ of habeas corpus—he must first exhaust his available remedies in state court. *See* 28 U.S.C. § 2254(b), (c). His current Complaint does not support relief under any theory and must therefore be dismissed.

## CONCLUSION

As described above, Plaintiff's IFP application (Doc. No. 2) is **GRANTED**, and the $350 filing fee is **ASSESSED** against his inmate trust account.

Plaintiff's motion to ascertain status (Doc. No. 7) is **GRANTED** in that the Court herein has made clear that the status of this case is that it is hereby dismissed.

Upon initial review under the PLRA, the Court finds that the Complaint fails to state a claim upon which relief may be granted. Accordingly, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] The Complaint reveals only that Plaintiff instituted state proceedings in January 2022, which remain pending and which include a claim of "ineffective counsel." (Doc. No. 1 at 3.)