IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKEY HAYMER, | ) |
| Plaintiff, | ) |
| | ) NO. 3:22-cv-00300 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DANA MINOR, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Pending in this previously dismissed civil rights action under 42 U.S.C. § 1983 is a post-judgment Motion for Reconsideration (Doc. No. 10, "Motion"), filed on July 19, 2022, by Plaintiff, a convicted inmate serving his state sentence in the custody of the Rutherford County Sheriff's Office in Murfreesboro, Tennessee.

On July 7, 2022, the Court dismissed Plaintiff's case against Defendant Minor, Plaintiff's state-court prosecutor, upon initial screening of the Complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii). The Court found the Complaint subject to dismissal because it improperly sought habeas relief under Section 1983, and because the monetary relief it sought would, if awarded, impermissibly undermine the validity of a conviction that had not previously been invalidated. (Doc. No. 8.) The Court concluded its dismissal order as follows:

> If Plaintiff wishes to pursue his claims against Defendant Minor under Section 1983, he must first win relief from his conviction. If he wishes to pursue a challenge to his conviction in federal court—which would have to be done via a petition for a writ of habeas corpus—he must first exhaust his available remedies in state court. *See* 28 U.S.C. § 2254(b), (c). His current Complaint does not support relief under any theory and must therefore be dismissed.

(*Id.* at 5.)

In his Motion for Reconsideration, Plaintiff argues that the Court erred in dismissing his Complaint without first providing him an opportunity to amend. (Doc. No. 10 at 1.) He asserts that the liberal construction afforded pro se complaints requires that they not be dismissed without allowing at least one opportunity to amend "when a liberal reading of the Complaint gives any indication that a valid claim might be [stated]." (*Id.*) Plaintiff argues that he deserves an opportunity to amend because "[t]he actions of the defendant was to such an extent of recklessness, that after my trial my Judge threw out my gun conviction on his own ('sua sponte')[,] a clear indication the Judge knew there was intentional, bad faith conduct by the prosecutor." (*Id.* at 2.)

"Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so." *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). A plaintiff who does not attempt to amend his complaint prior to entry of judgment under Federal Rule of Civil Procedure 15, but instead waits until after the judgment of dismissal is entered to object on the basis of facts not originally pled, must make "the more difficult showing that the case should be reopened under Rule 59." *Frazier v. Colthfelt*, No. 19-10389, 2020 WL 914323, at *6 (E.D. Mich. Feb. 7, 2020), *report and recommendation adopted*, No. 19-10389, 2020 WL 905746 (E.D. Mich. Feb. 25, 2020) (citing, *e.g.*, *Leisure Caviar, LLC v. U.S. Fish & Wildlife Svc.*, 616 F.3d 612, 615–16 (6th Cir. 2010)).

Because Plaintiff's Motion for Reconsideration was filed within 28 days of the Court's judgment of dismissal, it is timely if construed as a Rule 59(e) motion to alter or amend the judgment. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change

2

in controlling law; or (4) a need to prevent manifest injustice." *Bishawi*, 628 F. App'x at 346 (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). In this case, the only potential ground upon which to rest an award of Rule 59(e) relief would be the need to prevent manifest injustice.

The Court's dismissal order recounts the allegation in Plaintiff's Complaint that "he was charged with and convicted of possessing a firearm in 2021, despite never possessing one," and his request for such "'bogus, embellished charges to be dismissed from [his] record.'" (Doc. No. 8 at 3–4 (quoting Doc. No. 1 at 6).) In his Complaint, Plaintiff further alleged that he had originally been charged in 2018 with stalking (which was later dismissed by the prosecution), violation of an order of protection, and attempted possession of a firearm, but that the firearm charge was "upgraded to actual" possession in 2021, of which he was convicted. (Doc. No. 1 at 7.) The record before the Court also included a letter in which Plaintiff reported that he "was found guilty by a jury . . . of violation of a[n] order of protection" and "'attempted' possession of a firearm/possession of a firearm," for which he received a ten-year sentence. (Doc. No. 5-1 at 1).

In his Motion, Plaintiff now alleges that his firearm-possession conviction was thrown out by the trial judge after his trial. (Doc. No. 10 at 2.) This new allegation is in direct contradiction of the Complaint's above-referenced allegation, as well as its request for expungement of "bogus, embellished charges" from Plaintiff's record. Moreover, online records maintained by the state list Plaintiff as having been convicted of firearm offenses on February 2, 2022, and not subsequently relieved of those convictions or the ten-year, split-confinement sentence he is currently serving at the Rutherford County Jail.[1] Finally, based on the fact that Plaintiff is still confined in Rutherford

---
[1] *See* https://foil.app.tn.gov/foil/details.jsp (Tennessee Felony Offender Information Lookup, last visited July 22, 2022). The Court may take judicial notice of this listing from publicly available, online government records "whose accuracy cannot reasonably be questioned." *Jenkins v. Humphreys Cnty.*, No. 3:18-CV-

3

County and pursuing claims related to that confinement (*see* Doc. No. 1 at 4), the Complaint's request "to be financially compensated for loss of wages[,] . . . mental distress and cruel and unusual punishment" attendant to his incarceration (*id.* at 6) must, if successful, necessarily undermine a conviction that has not yet been invalidated.

In short, despite Plaintiff's new (post-dismissal) allegations about his firearms conviction, it remains the case that Plaintiff's claim to relief from his convictions must be pursued in habeas corpus, and his Section 1983 claim to damages against his prosecutor may only be pursued if he "can demonstrate that [his] conviction or sentence has already been invalidated." *Carr v. Louisville-Jefferson Cnty.*, 37 F.4th 389, 392 (6th Cir. 2022) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Alteration or amendment of the judgment dismissing these claims is not needed to prevent manifest injustice.

Accordingly, Plaintiff's Motion for Reconsideration (Doc. No. 10), construed as a motion to alter or amend the judgment under Federal Rule 59(e), is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

00639, 2019 WL 189828, at *1 & n.2 (M.D. Tenn. Jan. 14, 2019) (quoting *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012)).